IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| STEVENS TRANSPORT, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-2590-N |
| | § | |
| JOSEPH STAUTIHAR, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Stevens Transport, Inc.'s ("Stevens Transport") motion for summary judgment [43], motion to dismiss [44], and motions to strike [62], [63] and Defendants Exel, Inc. ("Exel") and Walters, Balido & Crain's ("WBC") (collectively, "Defendants") motion for attorneys' fees [55] and motion for sanctions [57]. For the following reasons, the Court grants Stevens Transport's motion for summary judgment and denies Defendants' motion for sanctions. Because the Court determines that Defendants have not achieved "some success on the merits," the Court denies Defendants' motion for attorneys' fees. The Court denies Stevens Transport's motion to dismiss and motions to strike as moot.

### I. ORIGINS OF THE DISPUTE

Defendant Joseph Stautihar sustained injuries in a workplace accident while working for Stevens Transport. The accident occurred at Exel's facility. Following the

ORDER – PAGE 1

accident, the Stevens Transport, Inc. Accident/Injury Plan (the "Plan") paid medical expenses on behalf of Stautihar for treatment of his injuries. Stautihar retained the counsel of Espinoza Law Firm PLLC ("Espinoza") to pursue claims against Exel and Stevens Transport in state court. Exel retained the counsel of WBC.

Stevens Transport is the fiduciary and administrator of the Plan. The Plan is funded through the general assets of Stevens Transport and provides benefits to eligible Stevens Transport employees and their dependents. The Summary Plan Description ("SPD") provides that the Plan shall have subrogation and reimbursement rights to recover benefits provided to covered persons for claims incurred as a result of negligence, willful misconduct, or actions of a third party. The SPD requires covered persons, *i.e.*, Stautihar, to reimburse the Plan for amounts recovered from a third party. These provisions of the SPD formed the basis of Stevens Transport's alleged ERISA lien on any settlement proceeds that Stautihar would receive from Exel or WBC.

Stevens Transport then brought this ERISA action in federal court, bringing claims of unjust enrichment and breach of contract as to Stautihar, and negligence as to Exel. Stevens Transport sought relief in the form of a constructive trust or equitable lien on any potential settlement proceeds that Stautihar would receive from Defendants. Defendants argued that ERISA permitted the Plan to recover from only Stautihar or Espinoza and that, because no settlement had been reached, no specifically identifiable funds existed for the

purported equitable relief sought by Stevens Transport. Defendants notified the Court of their intent to seek sanctions pursuant to Federal Rule of Civil Procedure 11.

While the case was pending in federal court, the parties reached a settlement agreement. Stevens Transport agreed to accept $150,000 from Stautihar's settlement proceeds to satisfy its ERISA claim. The parties, having settled the underlying dispute, began winding down the federal litigation. Stevens Transport dismissed all claims against all parties. Stautihar and Espinoza dismissed their claims against Stevens Transport. Stevens Transport moved for summary judgment on Defendants' Rule 11 counterclaim. Defendants then moved for Rule 11 sanctions and attorneys' fees.

## I. LEGAL STANDARDS

### A. *Summary Judgment*

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The moving party bears the initial burden of informing the Court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, he "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex Corp.*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in his favor. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, a nonmovant does not satisfy his burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (internal quotations and citations omitted). Factual controversies are resolved in favor of the nonmoving party "only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999).

### B.  *Rule 11 Sanctions*

Federal Rule of Civil Procedure 11 authorizes a court to impose sanctions on a party or attorney who files a pleading that is not legally or factually supported.  FED. R. CIV. P. 11(b), (c).  Rule 11 acts to "deter baseless filings in district court," *Cooter & Gell v. Hartman Corp.*, 496 U.S. 384, 393 (1990), and "to spare innocent parties and overburdened courts from the filing of frivolous lawsuits." *Kurkowski v. Volcker,* 819 F.2d 201, 204 (8th Cir.1987).  "Compliance with these affirmative duties is measured as of the time that the document is signed" by an objective, not subjective standard of reasonableness under the circumstances.  *Childs v. State Farm Mut. Auto Ins. Co.*, 29 F.3d 1018, 1024 (5th Cir. 1994).  Rule 11 sanctions "are to be imposed sparingly, as they can have significant impact beyond the merits of the individual case and can affect the reputation and creativity of counsel."  *Brookter v. GC Servs. Ltd. Partnership*, No. H-10-3149, 2011 WL 1584651, at *3 (S.D. Tex. Apr. 26, 2011) (quoting *Hartmax Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003)).

### C.  *Attorneys' Fees*

"In any action under [ERISA] by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1).  Courts apply a "some success on the merits" standard to determine when an award of attorney's fees is appropriate in an ERISA case.  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242 (2010).

ORDER – PAGE 5

## II. THE COURT GRANTS PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENIES DEFENDANTS' MOTIONS FOR RULE 11 SANCTIONS AND ATTORNEYS' FEES

As a preliminary matter, the Court addresses Defendants' claim that any decision on sanctions is premature. Specifically, Defendants claim that they "did not have the opportunity to take the necessary measures or steps to establish their entitlement to sanctions." *See* Defs.' Resp. at 7 [49]. The Court is not persuaded. "Rule 11, on its face, says nothing concerning the timing of filing motions for sanctions." *Monahan Corp. N.V. v. Whitty*, 319 F. Supp. 2d 227, 232 (D. Mass. 2004). However, courts generally find Rule 11 motions untimely when filed so late as to deny counsel a reasonable opportunity to correct the allegedly sanctionable issue. *See, e.g.*, *Snapt, Inc. v. Ellipse Comms. Inc.*, No. 3:09-CV-661-O, 2011 WL 13206110, at *2 (N.D. Tex. Nov. 8, 2011) (holding Rule 11 motion untimely when filed after grant of summary judgment "because it does not afford the non-movant a reasonable opportunity to correct its complaint"); *see also Wesolek v. Layton*, No. CIV.A. H-12-3210, 2014 WL 1030176, at *5 (S.D. Tex. Mar. 14, 2014) ("A motion for sanctions filed after the case has concluded does not give the opposing party an opportunity to correct a complaint allegedly filed in violation of Rule 11.") (citing *Tompkins v. Cyr*, 202 F.3d 770, 778 (5th Cir.2000)). Here, Defendants allege that the sanctionable conduct is the filing of this suit. At this stage in the litigation, Stevens

Transport has already dismissed all claims as to all parties. It is unclear how Stevens Transport could further correct its allegedly sanctionable conduct.[1]

Defendants also claim that there is a "fact issue as to whether the Court should award sanctions against Stevens." Defs.' Resp. at 6 [49]. However, Defendants fail to identify a single genuine issue of material fact, disputing only the necessity of the federal suit and whether sanctions are warranted under Rule 11(b)(2) and (b)(3). Having determined that no genuine issue of material fact exists, the Court addresses Defendants' Rule 11(b)(2) and (b)(3) arguments in turn.

### A. Stevens Transport Did Not Violate Rule 11(b)(2)

Stevens Transport argues that this action was warranted by existing law, or at a minimum, by a nonfrivolous argument for extending or modifying existing law or for establishing new law. The Court agrees. Under Rule 11(b)(2), "the essential issue is whether the signatories of the filing fulfilled their duty of reasonable inquiry into the relevant law." *Shippitsa Limited v. Slack*, No. 3:18-CV-1036-D, 2019 WL 277613, at *8 (N.D. Tex. Jan. 22, 2019) (internal alterations omitted). Sanctions are appropriate when a party advocates a legal contention that is objectively unreasonable. *Id.* (citing *Snow*

---

[1] "A district court may impose sanctions after a party or parties voluntarily dismiss their claims . . . ." *FDIC v. Maxxam, Inc.*, 523 F.3d 566, 577 (5th Cir. 2008). However, "[g]iven the 'safe harbor' provisions . . . a party cannot delay serving its Rule 11 motion until conclusion of the case . . . ." FED. R. CIV. P. 11 advisory committee's note (1998 amendment).

*Ingredients, Inc. v. SnoWizard, Inc.*, 833 F.3d 512, 528 (5th Cir. 2016)). Here, Stevens Transport argued that, under *Sereboff v. Mid Atl. Med. Servs, Inc.*, 547 U.S. 356, 362–63 (2006), the Court could apply a constructive trust on imminent settlement proceeds to enforce Stevens Transport's ERISA plan. Defendants certainly had responses to this argument, namely that (1) equitable relief under *Sereboff* and its progeny requires specifically identifiable proceeds and (2) Stevens Transport must seek relief from the Plan's beneficiary, *i.e.*, Stautihar. While the body of case law certainly suggests that Defendants' argument has merit, the Court does not believe that Stevens Transport's legal contentions warrant the extraordinary remedy of Rule 11 sanctions. Rule 11 sanctions are normally reserved "for the rare and exceptional case where the action is *clearly* frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Laughlin v. Perot*, No. CA 3-95-CV-2577-R, 1997 WL 135676, at *8 (N.D. Tex. Mar. 12, 1997) (emphasis in original). "It is an extraordinary remedy, one to be exercised with extreme caution." *Id.* Here, the Court declines to impose Rule 11 sanctions.

### *B. Stevens Transport Did Not Violate Rule 11(b)(3)*

Stevens Transport claims that it brought this suit because Defendants repeatedly ignored Stevens Transport's ERISA lien prior to and during settlement negotiations, resulting in this action to protect Stevens Transport's ERISA lien upon Stautihar's imminent settlement proceeds. Defendants argue that Stevens Transport lacked factual

support to initiate this lawsuit because Stevens Transport was on notice that Defendants had no intention of subverting the ERISA subrogation claim.

Here, Stevens Transport has demonstrated that, over the course of the state court litigation, Defendants declined to recognize the Plan's purported lien. *See* Pl.s' App. at 10–11, 25–35 [43-1]. Defendants do not contest these facts. Rather, Defendants cite correspondence sent to Stevens Transport, dated May 4, 2020 and May 18, 2020, assuring Stevens Transport that Defendants had no intention of subverting its claim. However, the Court notes that Rule 11(b)(3) addresses the "reasonableness of *pre-filing* inquiry into the facts." *Shippitsa Ltd.*, 2019 WL 277613, at *9 (emphasis added). Defendants' post-filing assurances do not satisfy their burden in establishing that Stevens Transport's pre-filing inquiry was insufficient. To the extent that Defendants suggest that Stevens Transport should have abated or dismissed this case after receiving such assurances, Rule 11 applies only to representations to the Court, not the continuation of litigation. Moreover, given the potential for imminent settlement of the state suit at the time of filing, the Court determines that Stevens Transport has not violated Rule 11(b)(3).

### III. The Court Denies Defendants' Motion for Attorneys' Fees

When awarding attorneys' fees in an ERISA case, courts look to whether the party achieved "some success on the merits." 29 U.S.C. § 1132(g)(1); *Hardt*, 560 U.S. at 242. Here, the Court determines that Defendants have not achieved some success on the merits. Simply put, the underlying settlement mooted all substantive motions pending before this

ORDER – PAGE 9

Court. The Court granted only motions for leave and did not address the merits of the parties' arguments until this Order. Although Defendants argue that Stevens did not recover any damages, the Court cannot "fairly call the outcome of the litigation some success on the merits." *Hardt*, 560 U.S. at 255. Accordingly, the Court declines to award Defendants attorneys' fees.

## CONCLUSION

Because the Court determines that Stevens Transport's suit does not violate Rule 11(b)(2) or 11(b)(3), Stevens Transport is entitled to judgment as a matter of law on Defendants' Rule 11 counterclaim. Thus, the Court grants Stevens Transport's motion for summary judgment and denies Defendants' motion for sanctions. Because the Court determines that Defendants have not achieved some success on the merits, the Court denies Defendants' motion for attorneys' fees. The Court denies Stevens Transport's motion to dismiss and motion to strike as moot.

Signed February 24, 2021.

*[signature]*
David C. Godbey
United States District Judge

ORDER – PAGE 10